**In the matter of FRIEDMAN'S, INC., et al., Debtors.**

**Friedman's, Inc., Plaintiff,**

v.

**Zale Corporation, Defendant.**

**Bankruptcy No. 05–40129.
Adversary No. 05–4030.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

June 16, 2005.

See also 336 B.R. 880, 2005 WL 3691105, 336 B.R. 884, 2005 WL 3691151, and 336 B.R. 891, 2005 WL 3691152.

Kathleen Horne, Savannah, GA, for Debtors.

*AMENDED ORDER TEMPORARILY RESTRAINING DEFENDANT AND SCHEDULING HEARING TO CONSIDER PRELIMINARY INJUNCTION*

LAMAR W. DAVIS, JR., Bankruptcy Judge.

This matter is before the Court upon the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (the "Emergency Motion")[1] filed by Friedman's, Inc. ("Friedman's"). Upon consideration of the Emergency Motion, the accompanying Memorandum in Support and Declaration of C. Steven Moore; the Court having found that (a) the notice of the Emergency Motion was sufficient under the circumstances; (b) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (c) this is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (d) for good and sufficient cause shown, including the likelihood that prosecution of the state court action filed by the Defendant would interfere with this Court's jurisdiction over this Chapter 11 case, and threaten irreparable harm to Friedman's, I grant Debtors' Motion.

■ The issue presented in the hearing today is whether the Court should enter a Temporary Restraining Order, after notice, temporarily enjoining the prosecution of a state court action pending in Dallas County, Texas, against the president of the debtor corporation, Pamela J. Romano. It is well established that although the provisions of the automatic stay of 11 U.S.C. § 362 are not unlimited in scope, the Bankruptcy Court may, in certain circumstances, enjoin or issue a stay of proceedings against a non-bankrupt third party. The Fourth Circuit Court of Appeals in the case of *In re A.H. Robins*, 788 F.2d 994 (1986), recognized that as a general proposition 11 U.S.C. § 362(a)(1) is available only to the debtor, not non-debtor defendants. However, it recognized certain exceptions to the rule, assuming that the debtor showed "unusual circumstances" beyond the mere fact that one of the parties for the lawsuit was a debtor in a Chapter 11 case. *Id.* at 999. In the discussion that followed, the court referenced with approval certain unusual circumstances which would suffice: (1) Existence of an indemnity provision between the non-debtor and the debtor; (2) the possibility that liability established against the non-debtor would be imputed to the debtor; (3) the fact that the issues between debtor and non-debtor and the opposing party were "intimately intertwined;" (4) the possibility of inconsistent

[1]. Capitalized terms used herein and not otherwise defined shall have the meaning as- cribed in the Emergency Motion.

results if both cases were allowed to proceed on parallel tracks; (5) such identity of the parties as would make the debtor the real party in interest; and (6) considerations of judicial economy.

Similarly, *In re Ionosphere Clubs, Inc.,* 111 B.R. 423 (Bankr.S.D.N.Y.1990), the court reached a similar conclusion after discussion of cases which approved the court's granting injunctive relief for the benefit of a non-debtor where the proceeding would "adversely affect the debtor's estate" where the issues were "inextricably interwoven," where the action threatened to "disrupt the debtor's operations," where there were common questions of law and fact, or where the action would "diminish the debtor's ability to formulate a plan." *Id.* at 434.

■ Applying these concepts to the case before the Court, Zale Corporation's complaint pending in Dallas County, Texas, alleges that the Defendant, Pamela J. Romano, the Debtor's president, violated a settlement agreement with Zale, misappropriated trade secrets, misappropriated confidential information, breached a confidential relationship, tortiously interfered with business relations of Zale, and seeks injunctive relief and actual damages, including exemplary damages, from Romano. In Zale's Answer, Defenses and Counterclaims filed in this Adversary Proceeding, Zale made similar assertions concerning Romano's activities and further alleged that her actions were taken "on behalf of Friedman's" (*see* pg. 11–12, paragraphs 27 and 28) and that "Friedman's actions ... constitute misappropriation of trade secrets." (*See* paragraph 30). Similarly, in Count Two, Zale alleges that "Friedman's, through Romano, was aware of certain provisions of the settlement agreement between Romano and Zale" and that it (Friedman's) "improperly and wrongfully induced or attempted to induce the vendors" to violate the vendor code of conduct and exclusivity agreements [with Zale]. The counterclaim also alleges those actions to have been done "purposely and with malice with the intent to injure Zale." It seeks temporary and permanent injunctive relief against Friedman's, together with damages for the alleged tortious conduct.

In addition, in correspondence dated May 2 and May 25, 2005, addressed to Sam Casano, Chief Executive Officer of the Debtor, Zale's Vice–President and General Counsel put Friedman's on notice that Ms. Romano had allegedly acted in a manner violative of Zale's rights, expressing the hope that further incidents would not occur and ultimately, in the later correspondence, stated "Zale will hold Ms. Romano, and Friedman's as her employer, responsible for all incidents of contractual or common-law violations on Ms. Romano's part." *See* Exhibits "B" and "C" to Debtor's Motion for Leave to Take Expedited Discovery.

Taking this record, together with the declarations of C. Steven Moore, Chief Administrative Officer and General Counsel to Friedman's, and David E. Springer, Counsel to the Debtor, I conclude that the Plaintiff has established, for the purposes of this Order the requisite criteria for enjoining actions against a non-debtor. It is clear from the entire record that "unusual circumstances" exist, that Zale has suggested that Ms. Romano's liability for her alleged acts can be imputed to Friedman's, that the actions she allegedly has taken are "inextricably interwoven" with the Debtor's interests, and that judicial economy would be served if these issues were fully litigated in this Court in a single proceeding rather than running the risk of inconsistent results if the Debtor's action proceeded in this Court against Zale and Zale's action against Ms. Romano proceeded in Dallas County, Texas. Continued

prosecution of the state court action will not only hinder Romano's ability to serve effectively as president of the Debtor, but threatens to disrupt the Debtor's operations by potentially chilling Friedman's relationship with its vendors and impairing or jeopardizing its ability to fully participate in the Christmas 2005 holiday shopping season.

IT IS THEREFORE ORDERED that:

The Emergency Motion is hereby granted in its entirety, subject to the hearing on preliminary injunctive relief, as described below;

Zale Corporation is temporarily restrained from prosecuting (including, but not limited to, litigation, arbitration or mediation) the State Court Action or any claims asserted therein in any court or forum other than the United States Bankruptcy Court for the Southern District of Georgia, through and including July 5, 2005, for good cause in order to permit meaningful discovery, if any is sought by the parties.

This Court shall conduct a hearing (the "Preliminary Hearing") to consider whether to grant the preliminary injunctive relief requested in the Emergency Motion on July 5, 2005, at 2:00 o'clock p.m., Eastern Time, or as soon as counsel may be heard in the United States Bankruptcy Court for the Southern District of Georgia, in Savannah, Georgia.

Friedman's will neither take nor suffer any action that would cause Romano to breach paragraphs 9 and 11 (and shall direct that Romano shall comply in all material respects with paragraphs 9 and 11) of that certain Settlement and Release Agreement by and between Zale and Romano, dated February 23, 2005.